IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES HAMMETT,<br>    Plaintiff,<br><br>          v.<br><br>DEBT RESOLUTION DIRECT, LLC *doing business as* Debt Advisors of America and BAT INC. *doing business as* Coast Processing,<br>    Defendants. | Civil Action No.<br>1:22-cv-04249-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendants' motion to dismiss [ECF 27]. For the following reasons, the motion is **DENIED as moot in part** and **GRANTED in part**.

**I.   Background**

For purposes of the motion to dismiss, the Court treats the following well-pleaded allegations as true.[1] At some point before December 2020, Plaintiff James Hammett experienced financial hardship and fell behind on a "myriad" of debts, which negatively impacted his credit score.[2] Hammett contacted former

---

[1] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

[2] ECF 34, ¶ 20.

Defendant Debt Resolution Direct, LLC to obtain its assistance with his debt and credit issues.[3] Debt Resolution advised Hammett that he could enroll his debts into its program, make payments to it, and it would use the funds to assist Hammett resolve his obligations.[4] He was told that, if he enrolled, he should stop paying his debts and only make payments to Debt Resolution.[5] Hammett understood that, by using Debt Resolution's program, the derogatory information on his credit report would be removed and his accounts would be resolved.[6]

Hammett was also told that non-party Litigation Practice Group (LPG) was Debt Resolution's attorney and that LPG would provide the legal portion of the services offered through Debt Resolution's program.[7] Hammett signed a retainer agreement with LPG at the direction of a Debt Resolution representative and "set up automatic payments for the credit repair and debt relief program through a third-party payment processor," Defendant BAT Inc. d/b/a Coast Processing (Coast).[8] Hammett also entered into an agreement with Debt Resolution and began

---

[3]   *Id.* ¶ 22.

[4]   *Id.* ¶ 23.

[5]   *Id.* ¶ 24.

[6]   *Id.* ¶¶ 26–27.

[7]   *Id.* ¶¶ 25, 28.

[8]   *Id.* ¶ 29.

making $255 monthly payments "through" Coast.[9] At some point later, LPG told Hammett that it would start processing his payments instead of Coast.[10]

Hammett alleges that Debt Resolution never provided the services it represented it would. He asserts that he received no benefit from the program.[11] In fact, Hammett contends that his credit score dropped substantially after he engaged Debt Resolution.[12] He asserts a cause of action for violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679, *et seq.*[13] Defendants move to dismiss based on Rules 12(b)(1) and 12(b)(6).[14]

## II. Discussion

Before addressing the substance of the motion to dismiss, the Court turns to two procedural matters that affect its consideration of these issues.

---

[9]   *Id.* ¶ 30.
[10]  *Id.* ¶ 31.
[11]  *Id.* ¶ 36.
[12]  *Id.* ¶ 41.
[13]  *Id.* ¶¶ 51–74.
[14]  ECF 27.

### a. Procedural Issues

Hammett filed his initial Complaint on October 25, 2022.[15] Coast and then-Defendant Debt Resolution moved to dismiss.[16] Hammett then filed his First Amended Complaint (FAC),[17] to which Coast and Debt Resolution responded by filing the instant motion to dismiss.[18] Several months later, Hammett filed an unopposed motion for leave to file his Second Amended Complaint (SAC),[19] which the Court granted.[20] The parties represented that the filing of the SAC did not impact the pending motion to dismiss the FAC. So, the first procedural issue is that, while the operative pleading is the SAC, the Court is ruling on the motion to dismiss the FAC as though it applied to the SAC.

The second procedural issue is that Hammett has now resolved his claims against Debt Resolution.[21] Accordingly, with regard to Debt Resolution only, the motion to dismiss is moot.

---

[15] ECF 1.
[16] ECF 9.
[17] ECF 19.
[18] ECF 27.
[19] ECF 33.
[20] June 12, 2023 D.E.
[21] ECF 35.

### b.     Standing

Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The Supreme Court has held that standing contains three elements: (1) an actual or imminent injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by the court. *Id.* at 560–61. Coast contends that Hammett has not adequately pleaded an injury-in-fact because the pleading does not allege any actual damages or concrete harm.[22]

Hammett pleads that he paid Debt Resolution pursuant to a contract but that the company failed to provide him any of the promised services.[23] As a result of Debt Resolution's (and LPG's and Coast's) alleged pocketing of the money Hammett paid to have his debts resolved,[24] Hammett alleges that his credit score declined precipitously and he was unable to access funds from an SBA loan.[25] He also alleges that he suffered emotional and mental distress.[26] This is sufficient to

---

[22]   ECF 27-1, at 7–8.

[23]   *See, e.g.*, ECF 34, ¶¶ 29, 32–36, 40–43.

[24]   *Id.* ¶ 60.

[25]   *Id.* ¶¶ 41, 43, 48.

[26]   *Id.* ¶ 50.

constitute an injury, as Hammett asserts in his opposition brief.[27] The problem is that Hammett has failed to plead sufficient facts to link Coast to any of those harms. That is, Hammett has not alleged the traceability or redressability as to Coast.

Traceability refers to the "causal connection between the injury and the conduct complained of." *Lujan*, 504 U.S. at 560 (indicating that, to have standing, a plaintiff's injury has to be "fairly . . . traceable to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court") (cleaned up). To show redressability, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks omitted) (citation omitted).

The only direct factual allegation related to Coast is that Hammett made his monthly payments to Debt Resolution "through" Coast.[28] Beyond that, the SAC contains only (1) the conclusory legal proposition that Coast is a credit repair organization;[29] (2) the assertion without supporting factual allegations that Coast is a debt settlement company operating "in tandem" with LPG to "offer debt

---

27  ECF 31, at 8–10.

28  ECF 34, ¶¶ 29–30, 60.

29  *Id.* ¶ 11.

resolution and credit repair services";[30] and (3) factually unsupported allegations that Coast "pocketed" Hammett's money for services it never rendered.[31] Other than processing Hammett's payments, the SAC contains no allegations that Coast ever communicated with Hammett or agreed to provide him any services. There are no facts from which the Court might draw the plausible inference that Coast agreed to participate in the alleged scheme, that Coast "pocketed" any of Hammett's money, or that Coast engaged in any conduct that can be linked to the harm Hammett allegedly suffered. In short, Hammett has alleged only that Coast did what payment processors do—process payments. Hammett has not pleaded sufficient facts to show traceability or redressability as to Coast. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (emphasizing that a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Nor are the deficiencies as to Coast in Hammett's pleading cured by his artful group pleading. Allegations about Defendants' program, Defendants' actions, Defendants' deceptive omissions, and the like are all a form of improper

---

30   *Id.*

31   *Id.* ¶¶ 59–60.

pleading.[32] *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (describing one form of shotgun pleading as a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"). Hammett has failed to plead sufficient facts to demonstrate that he has standing to sue Coast.

### III. Conclusion

As to Defendant Debt Resolution Direct, LLC, the motion to dismiss [ECF 27] is **DENIED as moot**. As to Coast, the motion is **GRANTED**. The Clerk is instructed to **ADMINISTRATIVELY CLOSE** this case. This closure is not a dismissal and does not preclude the filing of documents. Plaintiff shall have 14 days to file an amended pleading consistent with this Order. If Plaintiff repleads, this case will be reopened. If Plaintiff elects not to replead, this case will be considered dismissed with prejudice after 14 days.

**SO ORDERED** this 18th day of September, 2023.

Steven D. Grimberg
United States District Court Judge

---

[32] ECF 34, ¶¶ 55–56, 59.